**FILED**
**November 19, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia, ex rel.**
**Williams WPC-1, LLC, and**
**Lee Dawson,**
**Petitioners**

**vs.)   No. 21-0423**

**The Honorable Jeffrey Cramer,**
**and Coty Lantz,**
**Respondents**

## MEMORANDUM DECISION

Petitioners Williams WPC-1, LLC, and Lee Dawson petition this Court for a writ of prohibition to halt the circuit court's May 4, 2021, order that denied petitioner's motion to dismiss and compel arbitration by the respondent, Coty Lantz. Petitioners are represented by Jaime S. Tuite, Vanessa A. Wilson and Patrick S. Casey. The respondent is represented by David L. Delk, Jr.

The Court has considered the parties' briefs, oral arguments, and the appendix. Upon consideration of the standard of review, the Court finds that a writ of prohibition is appropriate. Inasmuch as this case does not present a new or significant question of law, this matter is properly disposed of through this memorandum decision in accordance with Rule 21 of the Rules of Appellate Procedure.

Beginning in 2012, the respondent was employed by petitioner The Williams Companies, Inc. ("Williams"), at a facility in Marshall County, West Virginia. On January 6, 2021, Williams terminated his employment. On February 9, 2021, the respondent filed suit against Williams and his supervisor, petitioner Dawson, alleging retaliatory discharge.

The petitioners responded with a motion to dismiss the suit and to compel respondent to participate in arbitration. Petitioner Williams produced an arbitration contract it claims applies to each of its employees, effective on January 1, 2020. The contract says that each employee agreed to resolve disputes with Williams "exclusively through final and binding arbitration." Within that arbitration contract there is a "delegation clause" saying that each employee and Williams agreed to let an arbitrator resolve disputes regarding the enforceability of the contract. That delegation clause provides:

1

You and the Company also agree to resolve exclusively through final and binding arbitration all disputes relating to whether this Agreement is enforceable, unconscionable, applicable, valid, void, or voidable[.]

The petitioners asserted that Williams had formed an arbitration contract with respondent, that the contract was valid and enforceable, and that the retaliatory discharge claim alleged by the respondent was within the substantive scope of the contract. Hence, the petitioners asked the circuit court to dismiss respondent's suit and to order respondent to arbitrate his claim.

The respondent opposed petitioners' motion and challenged the validity of the entire arbitration contract. Specifically, the respondent denied that any arbitration contract had been formed between the parties. In an order entered May 4, 2021, the circuit court agreed with the respondent and denied the petitioners' motion to compel arbitration. The circuit court found that the petitioners had failed to establish that a contract was properly formed with the respondent to arbitrate disputes.

The petitioners now seek a writ of prohibition from this Court to stop enforcement of the May 4, 2021, order. Our standard of review is clear:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

The petitioners contend that the circuit court erred when it found that no arbitration contract had been formed. The respondent counters that the circuit court's decision was correct and again asserts that the contract was, as a whole, unenforceable. However, there is a controlling clause in the contract sidestepped by both the parties and the circuit court: the delegation clause. "A 'delegation provision' is a clause, within an agreement to arbitrate, which clearly and unmistakably provides that the parties to the agreement give to the arbitrator the power to decide the validity, revocability or enforceability of the arbitration agreement under general state contract law." Syl. pt. 4, *Schumacher Homes of Circleville, Inc. v. Spencer*, 237 W. Va. 379, 787 S.E.2d 650 (2016).

When a party to an arbitration agreement seeks to resist arbitration, the Federal Arbitration Act ("FAA") requires the parties and the courts to apply the doctrine of "severability" or

2

"separability."  Generally, an arbitration agreement is a sub-part of a larger contract.  The FAA perceives that "arbitration clauses as a matter of federal law are 'separable' from the contracts in which they are embedded[.]"  *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402 (1967).

> The gist of the doctrine is that an arbitration clause in a larger contract must be carved out, severed from the larger contract, and examined separately.  The doctrine treats the arbitration clause as if it is a separate contract from the contract containing the arbitration clause, that is, the "container contract."  Under the doctrine, arbitration clauses must be severed from the remainder of a contract, and must be tested separately under state contract law for validity and enforceability.

*Schumacher Homes*, 237 W. Va. at 387-88, 787 S.E.2d at 658-59 (cleaned up).  We concluded in Syllabus Point 4, in part, of *State ex rel. Richmond Am. Homes of W. Va., Inc. v. Sanders*, 228 W. Va. 125, 717 S.E.2d 909 (2011):

> Under the Federal Arbitration Act, 9 U.S.C. § 2, and the doctrine of severability, only if a party to a contract explicitly challenges the enforceability of an arbitration clause within the contract, as opposed to generally challenging the contract as a whole, is a trial court permitted to consider the challenge to the arbitration clause. . . .

Stated simply, in the typical case, a party resisting arbitration cannot challenge the entire contract.  Instead, the party must sever or separate an arbitration clause from the overarching contract and then challenge the validity of the arbitration clause alone.  In the absence of such a narrow challenge, courts must presume the arbitration clause is valid and enforce its terms.

The overarching arbitration contract in this case contains a delegation clause.  This Court has determined that a delegation clause is nothing more than a narrow, written provision to settle by arbitration any question about the validity and enforceability of the arbitration agreement.  *Schumacher Homes*, 237 W. Va. at 389, 787 S.E.2d at 660 (citing *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010)).  Moreover, the doctrine of severability applies with equal force to a delegation provision: it must be separated from its parent arbitration contract and directly challenged in the trial court.  If it is not separately challenged, then it is presumed valid and must be enforced.  As we said in *Rent-A-Ctr., Inc. v. Ellis*, 241 W. Va. 660, 668, 827 S.E.2d 605, 613 (2019) (footnotes omitted):

> [B]ecause a delegation provision is a mini-arbitration agreement divisible from both the broader arbitration clause and the even broader contract in which the delegation provision and arbitration clause are found, a party must specifically object to the delegation provision in order for a court to consider the challenge.  A party resisting delegation to an arbitrator of any question about the enforceability of an arbitration agreement must specifically challenge the delegation provision first.

To that end, this Court has held that:

3

Under the Federal Arbitration Act, 9 U.S.C. § 2, and the doctrine of severability, where a delegation provision in a written arbitration agreement gives to an arbitrator the authority to determine whether the arbitration agreement is valid, irrevocable or enforceable under general principles of state contract law, a trial court is precluded from deciding a party's challenge to the arbitration agreement. When an arbitration agreement contains a delegation provision, the trial court must first consider a challenge, under general principles of state law applicable to all contracts, that is directed at the validity, revocability or enforceability of the delegation provision itself.

Syl. pt. 5, *Schumacher Homes*, 237 W. Va. at 379, 787 S.E.2d at 650.

The record in the instant case establishes that the contract at issue – the arbitration contract – contains a delegation provision. That provision delegates to an arbitrator the authority to determine whether the arbitration contract is valid, enforceable, or otherwise revocable. The record also shows that the respondent did not sever the delegation provision from the overarching contract and challenge the validity, revocability, or enforceability of the delegation provision itself. Accordingly, under the FAA, the circuit court was required to presume the delegation provision was valid, enforce its terms, and refer the case to arbitration for an arbitrator to assess the parties' contentions, namely, whether they properly formed an arbitration contract. The circuit court erred as a matter of law by doing otherwise.

In light of our standard of review, the record establishes that the lower tribunal's order is clearly erroneous as a matter of law. Further, the petitioners have no adequate means, such as a direct appeal, to obtain the relief accorded by the parties' delegation clause, and the petitioner will be prejudiced by being forced to litigate rather than arbitrate the parties' dispute regarding the validity, revocability, or enforceability of the arbitration contract. Thus, a writ of prohibition is appropriate.

Writ Granted.

ISSUED: November 19, 2021

CONCURRED IN BY:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton